**STATE OF FLORIDA, ex rel. STONE'S LIQUOR STORES, INC., a**
Florida corporation, v. JAMES T. VOCELLE, as Director of the
State Beverage Department of Florida.

35 So. (2nd) 649            January Term, 1948
June 4, 1948            En Banc

*Hoffman & Durant,* for relator.

*William Joe Sears and Eli H. Fink,* for respondent.

ADAMS, J.:

We issued an alternative writ of mandamus directing re-
spondent to approve an application for a license to sell liquor
or show cause. Respondent answered and relator has now
moved for a peremptory writ notwithstanding the answer.

Relator held a license from the City of Miami and also a
state and county license to operate a package store. He found
it necessary to move his location to an immediate adjacent
location. On his application the City of Miami granted his
license for the new location. Respondent's refusal is based
upon Chapter 24706, Special Acts of 1947, the effect of which
is to limit the number of licenses, except in certain instances,
to one license to each 1500 persons in the City of Miami.

We are asked to hold the special act unconstitutional. It is
our conclusion that the relator is entitled to the relief asked
without a declaration that the challenged act is void. For
that reason we make no commitment as to the constitutional-
ity of the act. The act contains a proviso: (Chapter 24706,
Special Acts, 1947.)

" . . . that the limitation provisions of this Act shall not
apply to the licenses in effect and which were issued by the
City of Miami to retail vendors of intoxicating beverages
during or for the license year beginning October 1, 1946, and

which comply with the laws of the City of Miami and all licenses in effect and which were properly issued for or during the license year beginning October 1, 1946, and which comply with the laws of the City of Miami shall from year to year hereafter, upon payment of the requisite license fees therefor, be renewed and reissued by such city for the continuation of the same type of business being conducted by such vendors and at the same location specified in such licenses: . . . "

Relator's case comes under this proviso and was entitled to have his state and county licenses. The City of Miami evidently so recognized his right and so should the state. Under general law the annual renewal of licenses shall be granted as a matter of course unless same are revoked or the holder is disqualified. Sections 561.27, 561.28, Fla. Stat., 1941, F.S.A. Provision is also made for the licensee to move his location. Section 561.33, Fla. Stat., F.S.A. In this case the move would not call for an increase in the number of licenses in the City of Miami.

For the reasons stated the peremptory writ is ordered.

So ordered.

TERRELL, CHAPMAN and SEBRING, JJ., concur.

THOMAS, C. J., and WHITE, Associate Justice, dissent.

HOBSON, J., not participating.