HORTON, Judge.
The respondents in mandamus proceedings seek review of an adverse final judgment ordering the city clerk of Miami Beach to issue a liquor license to the appellee.
*758 The appellee owns and operates a night club in the City of Miami Beach. In the fall of 1962, the city refused to issue the necessary licenses which authorized the ap-pellee to operate as a night club. Upon the city’s refusal to issue these licenses, the ap-pellee instituted this mandamus proceeding against the city and its clerk to compel such issuance. An injunction suit was also filed wherein appellee successfully enjoined the city from arresting the appellee for operating without such licenses during the pendency of the mandamus suit. The city filed a return to the alternative writ asserting that it had refused to issue the licenses because the club was a public nuisance in which “B-girls” operated in violation of both state law and city ordinances.
During the pendency of this action, another license period commenced and again the city clerk refused to issue the licenses whereupon appellee filed another mandamus action and accompanying injunction proceeding. Thereafter, these two suits came on to be heard before the chancellor wherein by stipulation of the parties, the city’s return to the first alternative writ was taken as having also been made to the second mandamus suit and the two cases were tried together. The city produced several witnesses in an attempt to sustain the allegations contained in its return relating to the nature of the club’s operation. The appel-lee offered no testimony but asserted that it was entitled to the licenses as a matter of course, and that the city clerk could not arbitrarily refuse to issue the licenses. After hearing thereon, the circuit court entered a final judgment of mandamus which ordered the city to issue the licenses sought in the consolidated cases. The city complied with the circuit court’s order and thereafter filed notice of appeal contesting that portion of the judgment which required the issuance of the night club licenses for the year 1963-64.
The main thrust of appellants’ argument for reversal is that the city’s return to the alternative writ was sustained by sufficient evidence and justified its refusal to issue the night club licenses to the appellee. The city also contends that the circuit court erred in excluding certain testimony which it asserts was relevant to the issue as to whether or not appellee’s establishment was a public nuisance. The appellee counters these contentions by asserting that under the city code the appellee was entitled to the issuance of a license as a matter of course and thus it was immaterial and irrelevant as to-whether or not the establishment was a nuisance. For the reasons now set forth, we agree with the position of the appellee and. accordingly affirm the judgment appealed.
The Code of the City of Miami Beach, 1950, provides, at Article I, Section^ 15.4, as follows:
“Where an applicant shall have been granted a license under this cahpter and such license and continuation thereon' have not been revoked . . . such applicant shall be entitled to receive licenses for succeeding years as a mat--ter of course, upon application to the City Clerk and the payment of the tax.” [Emphasis supplied]
The action of the city clei-k in the re-issuance of licenses is purely a ministerial one- and the Code is silent as to any grounds for refusal or rejection by the clerk. The appellants in their return to the alternative-writ answered that appellee’s night club • license was not re-issued because appellee-wa9 conducting a “B-girl joint” and1, chax-ging outrageous prices for alcoholic-beverages.
Assuming but not deciding that the manifest weight of the evidence before the-circuit court clearly established that the-activities carried on in appellee’s premises rendered it a nuisance, such evidence would, be irrelevant in determining the propriety-of the circuit court’s order awarding a final' judgment in mandamus. The remedy of the ■ city in such a case is clear. It could have-proceeded to revoke the appellee’s license-based on the alleged violations of state law.' and city ordinances or it could have-brought suit to abate a public nuisance. See- *759 §§ 823.01 and 64.11, Fla.Stat., F.S.A. However, it could not arbitrarily and pérempto-rily deny appellee the renewal. See State ex rel. Stone’s Liquor Stores, Inc. v. Vocelle, 1948, 160 Fla. 539, 35 So.2d 649.
For the foregoing reasons, we conclude that the judgment appealed is without error and should be affirmed.
Affirmed.